UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEAN BROWN,

    Plaintiff,

    v.

GEORGE WOODWORTH,

    Defendant.

NO. CV 16-2961-ODW (AGR)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

**I.**

**BACKGROUND**

Plaintiff was convicted by a jury of various crimes. *See People v. Brown*, Case No. B250635, 2014 Cal. App. Unpub. LEXIS 5450 (2014). This is the second of two civil rights actions he has filed against his former defense lawyers. In the first action, he sued Mr. Spiga. *Brown v. Spiga*, CV 15-8585-ODW (AGR). In this second action, he sues Mr. Woodworth.

## II.

## ALLEGATIONS IN COMPLAINT

Plaintiff alleges that Woodworth "conspired with government officials to deprive Plaintiff of access to the courts by bilking funds from Plaintiff's defense fund to the prosecutor as well as confidential information.  Because Plaintiff has no more money due to counsel[']s sinister malfeasance[,] his 1st Amendment rights were violated.  Plaintiff's 14th Amend. right was violated because counsel turned over confidential court files to the prosecutor as well as signing a retainer agreement with a third party without Plaintiff[']s written consent who was in fact a witness for the prosecution.  (See State Bar Complaint 16-0-10068 (Ex-1.) (See also Ex-2.)"  (Complaint at 5.)

In support of his claims, Plaintiff alleges that Woodworth "took money from Plaintiff's defense fund and took the prosecutor to swank lunches to 'romance' the prosecutor assigned to Plaintiff's criminal matter.  Mr. Woodworth indicated he would 'cut a deal['] with this particular prosecutor and needed several thousand dollars to get Plaintiff an 'un-explicit plea disposition' and twenty thousand more before sentencing in order to get a believable 'factual basis' from the prosecutor or the court may reject it."  (*Id.*)

Plaintiff seeks damages and declaratory relief.  (*Id.* at 6.)

## III.

## STANDARD FOR SCREENING COMPLAINT

Pursuant to the Prison Litigation Reform Act, the court has screened the complaint.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads

1    factual content that allows the court to draw the reasonable inference that the

2    defendant is liable for the misconduct alleged.  The plausibility standard is not

3    akin to a 'probability requirement,' but it asks for more than a sheer possibility that

4    a defendant has acted unlawfully.'"  Id. (citations omitted).

5

**IV.**

6

**<u>FEDERAL CLAIMS ARE NOT ADEQUATELY PLEADED</u>**

7    Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and

8    alleges violations of his First and Fourteenth Amendment rights.

9    In general, a plaintiff cannot state a § 1983 claim against a criminal defense

10    attorney because he or she is a private actor.  *Polk Cnty. v. Dodson*, 454 U.S.

11    312, 325 (1981) ("[A] public defender does not act under color of state law when

12    performing a lawyer's traditional functions as counsel to a defendant in a criminal

13    proceeding.").

14    However, "'[a] private individual may be liable under § 1983 if she conspired

15    or entered joint action with a state actor.'"  *Crowe v. Cnty. of San Diego*, 608 F.3d

16    406, 440 (9th Cir. 2010) (citation omitted).  To allege conspiracy in a § 1983 case,

17    a plaintiff must allege "'an agreement or meeting of the minds' to violate

18    constitutional rights."  *Id.* (citation omitted).

19    Conclusory allegations of conspiracy, unsupported by facts, are insufficient

20    to allege a conspiracy between a private party and a state actor.  *Simmons v.*

21    *Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Price v.*

22    *Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991).  A complaint must allege "enough

23    factual matter" to support a plausible inference of conspiracy.  *Bell Atlantic Corp.*

24    *v. Twombly*, 550 U.S. 544, 556 (2007).

25    Plaintiff's complaint contains only insufficient "labels and conclusions."  *Id.*

26    at 555 (complaint "requires more than labels and conclusions, and a formulaic

27    recitation of the elements of a cause of action will not do").

28

3

1   Plaintiff alleges Woodworth "conspired with government officials to deprive
2   plaintiff of access to the courts." (Complaint at 5.)  Plaintiff first alleges
3   Woodworth was "bilking funds from plaintiff's defense fund" to take "the
4   prosecutor to swank lunches" and "cut a deal with this particular prosecutor." (*Id.*)
5   Woodworth indicated he would need over $20,000 "before sentencing" to get "a
6   believable 'factual basis' from the prosecutor or the court may reject it." (*Id.*)  The
7   complaint attaches a letter to Woodworth in 2015 asking for an accounting of the
8   $5000 fee he was paid.  (Exh. 3 to Complaint.)  Attempting to negotiate a plea
9   deal is a traditional function of a criminal defense lawyer even if the attempt is not
10  successful.  Allegations that Woodworth overspent Plaintiff's money by taking the
11  prosecutor out to "swank lunches," or by developing the factual basis for a plea,
12  do not give rise to a reasonable inference of conspiracy with the prosecutor.[1]
13  Allegations that Woodworth "fail[ed] to defend me while bilking my defense fund"
14  is equally unavailing.  (Complaint at 3); *Miranda v. Clark Cnty.*, 319 F.3d 465, 469
15  (9th Cir. 2003) (en banc) (affirming dismissal of § 1983 complaint against public
16  defender based on ineffective assistance of counsel).

17  Plaintiff further alleges that Woodworth "turned over confidential court files
18  to the prosecutor" and signed a "retainer agreement with a third party without
19  plaintiff's written consent who was in fact a witness for the prosecution."
20  (Complaint at 5.)  These conclusory allegations, without more, are insufficient to
21  support a reasonable inference of conspiracy.  Producing discovery is a
22  traditional function of a criminal defense lawyer.  *See, e.g.,* Cal. Penal Code §
23  1054.3 (required disclosures by defense).  Plaintiff does not identify any
24  documents that he believes Woodworth improperly produced or how such
25  production supports an inference of conspiracy (as opposed to ineffective
26  assistance of counsel or malpractice).  With respect to the retainer agreement,
27
28
    [1] Plaintiff was convicted by a jury.  *People v. Brown*, Case No. B250635,
    2014 Cal. App. Unpub. LEXIS 5450 *1 (2014).

the complaint cites to attached Exhibit 1, which is the first page of a letter from the State Bar dated February 25, 2016.  (Complaint at 5.)  According to Exhibit 1, Plaintiff complained to the State Bar that Woodworth accepted payment from plaintiff's wife without a written waiver regarding a potential conflict of interest when payments are accepted.[2]  (Exh. 1 to Complaint.)  This allegation, without more, does not support a reasonable inference of conspiracy between Woodworth and the prosecutor, as opposed to ineffective assistance of counsel or malpractice.

If Plaintiff chooses to file a First Amended Complaint ("FAC"), he must allege, in good faith, sufficient facts to support a plausible claim of conspiracy.

## V.

## *HECK* BAR

Plaintiff seeks declaratory relief and damages.  (Complaint at 6.)  Section 1983 claims are barred to the extent they imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## VI.

## STATE CLAIMS

Plaintiff's complaint refers to "attorney malpractice."  (Complaint at 2.)  If Plaintiff is unable to state a cognizable federal claim, such as a claim under § 1983, federal jurisdiction over a state law claim could be established only if the matter in controversy is between citizens of different states.  28 U.S.C. §§ 1331, 1332. *see generally* 28 U.S.C. § 1332.  Based on the complaint, it appears Plaintiff and Woodworth are citizens of California.  Therefore, diversity of citizenship cannot be established.

---

[2]  Plaintiff refers to his wife as a witness for the prosecution.  According to the California Court of Appeal opinion on direct appeal, Becky Brown did not testify at trial.  The jury heard recordings between Plaintiff and his wife, and heard testimony by a detective that Plaintiff's wife said she disposed of a black bag, two guns, handcuffs and other tools at Plaintiff's request. *Brown*, 2014 Cal. App. Unpub. LEXIS 5450 at *22, *26.

# VI.

## ORDER

For the reasons discussed above, the Court DISMISSES the complaint with leave to amend.  Plaintiff shall have 30 days from the entry date of this order to file a First Amended Complaint that corrects the deficiencies described above. Failure to file a timely amended complaint that corrects the deficiencies may result in dismissal of the complaint.

If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original complaint, attachment, pleading or other document.  The Clerk is DIRECTED to provide Plaintiff with a blank Central District of California civil rights complaint form. Plaintiff must use the blank Central District civil rights complaint form accompanying this order, and sign and date the form.

Date: May 11, 2016

OTIS D. WRIGHT II
United States District Judge

6