UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEAN BROWN,

            Plaintiff,

   v.

GEORGE WOODWORTH,

            Defendant.

)
)
)
)
)
)
)
)
)
)

NO.  CV 16-2961-ODW (AGR)

ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge, Plaintiff's Objections and Plaintiff's Motion to Take Judicial Notice. The Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected.  The Court accepts the findings and recommendation of the Magistrate Judge.

To state a claim against a private actor under 42 U.S.C. § 1983, Plaintiff must allege an agreement or meeting of the minds to violate Plaintiff's constitutional rights. *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).  Conclusory allegations are insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681-82 (2009); *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

1    Plaintiff alleges only unilateral, nefarious conduct on the part of defendant

2  Woodworth, one of his criminal defense lawyers.  In his First Amended Complaint,

3  Plaintiff alleged that Woodworth told Plaintiff he needed several thousand dollars to

4  cut a deal with the prosecutor for "an 'un-explicit plea disposition' and twenty

5  thousand more before sentencing in order to get a believable 'factual basis' from the

6  prosecutor or the court may reject it."  (FAC at 5.)  The plea negotiations were

7  unsuccessful.  Plaintiff was convicted by a jury.  *People v. Brown*, Case No.

8  B250635, 2014 Cal. App. Unpub. LEXIS 5450 *1 (2014).  In his objections, Plaintiff

9  now alleges Woodworth bilked Plaintiff out of his defense fund by "lying to Plaintiff"

10  that he could "'pay off'" a prosecutor to misrepresent or destroy evidence in order to

11  get an "advantageous" probation report and "defraud" the court into giving Petitioner

12  a lower sentence.  Woodworth made "several attempts to bribe the prosecutor" with

13  lunches, dinners and disclosure of unspecified "attorney work product" that was "very

14  prejudicial."  (Objections at 1-2.)  There are no factual allegations indicating an

15  agreement or meeting of the minds with the prosecutor.  Despite being given the

16  opportunity to do so, Plaintiff has been unable to cure the factual deficiency in his

17  allegations.  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

18  Plaintiff's citation to *Tower v. Glover*, 467 U.S. 914 (1984), is inapposite.  In that

19  case, the Supreme Court rejected immunity for public defenders who are alleged to

20  have conspired with the prosecution to convict a defendant under § 1983.  The

21  Supreme Court did not address the standard for alleging a conspiracy claim.

22    Plaintiff's motion asks the Court to take judicial notice that Woodworth

23  counseled Plaintiff's wife "to cooperate with law enforcement in every fashion while

24  actively 'advocating' for Plaintiff as his criminal defense attorney" and "continued to

25  accept money" from Plaintiff's wife despite knowing that she was now a "witness" for

26  the prosecution.  Plaintiff's motion is DENIED.  These facts are not appropriate for

27

28

judicial notice.[1]  Fed. R. Evid. 201.  Moreover, these factual allegations do not state a claim for conspiracy between Plaintiff's defense lawyer and the prosecutor.

Plaintiff's motion to consolidate this case with *Brown v. Spiga*, CV 15-8585, is DENIED.

IT IS ORDERED that Judgment be entered dismissing this action with prejudice.

DATED:   July 11, 2016        _____
                                          OTIS D. WRIGHT II
                                   United States District Judge

---

[1]  According to the California Court of Appeal opinion on direct appeal, Plaintiff's wife did not testify.  The jury heard recordings between Plaintiff and his wife, and heard testimony by a detective as to what Plaintiff's wife said.  *Brown*, 2014 Cal. App. Unpub. LEXIS 5450 at *22, *26.